IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
NO. 5:06-CR-135-BO-1
NO. 5:11-CV-624-BO

| | |
|---|---|
| JESSIE LAMONT BAGLEY,  )  <br> Petitioner,  )  <br> )  <br> v.  )  <br> )  <br> UNITED STATES OF AMERICA,  )  <br> Respondent.  ) | O R D E R |

This matter is before the Court on Petitioner's "Release Motion" [DE 55], in which Petitioner asks this Court to "release his original motion and have the respondent to response."

## BACKGROUND

On June 22, 2006, Mr. Bagley was indicted on a ten-count indictment charging him with conspiracy to distribute more than fifty grams of crack cocaine (count 1), seven counts of possession with intent to distribute more than five grams of crack cocaine (counts 2, 4-8, 10), one count of possession with intent to distribute crack cocaine (count 3), and one count of possession of a firearm by a convicted felon (count 9). On July 11, 2006, Mr. Bagley pleaded guilty to count 1, pursuant to a written plea agreement. On November 3, 2006, Mr. Bagley was sentenced as a career offender to 140 months of imprisonment. Mr. Bagley did not appeal his conviction or sentence. On November 21, 2011, Mr. Bagley filed a pro se motion to vacate pursuant to 28 U.S.C. § 2255, alleging that in light of the Fourth Circuit's en banc opinion in *United States v. Simmons*, 649 F.3d 237 (4th Cir. 2011), one of his two previous North Carolina felony convictions that served as a predicate for his career offender designation had been improperly consolidated into one judgment. This Court denied that motion by its Order of April 17, 2012

[DE 53].

## DISCUSSION

Although Mr. Bagley captions his motion as a "release motion," this Court construes Mr. Bagley's motion as seeking reconsideration of this Court's Order of April 17, 2012, as Mr. Bagley appears to seek a reopening of this Court's denial of his section 2255 petition. *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (pro se litigants are entitled to liberal construction of their pleadings); *Armstrong v. Capshaw, Goss & Bowers, LLP*, 404 F.3d 933, 936 (5th Cir. 2005) (district courts are to determine the true nature of a pleading by its substance, not its label); *see also Edwards v. City of Houston*, 78 F.3d 983, 995 (5th Cir.1996) (en banc) ("[W]e have oft stated that 'the relief sought, that to be granted, or within the power of the Court to grant, should be determined by substance, not a label'") (internal citation omitted).

Considering this motion for reconsideration, the Court finds that (1) there has been no intervening change of law which affects the Court's ruling on Mr. Bagley's section 2255 petition, (2) Mr. Bagley adduces no new evidence which was unavailable when the Court made its prior decision, and (3) the Court's Order neither contains a clear legal error nor constitutes manifest injustice. Accordingly, there is no basis for this Court to alter its Order of April 17, 2012, denying Mr. Bagley's section 2255 petition.

## CONCLUSION

For the foregoing reasons, Mr. Bagley's Motion [DE 55] is DENIED.

SO ORDERED, this the 2 day of May, 2012.

Terrence W. Boyle
TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE